UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 8:09-419-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| David Jeremy Latour, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on David Jeremy Latour's ("Latour") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court grants the Government's motion for summary judgment and dismisses Latour's § 2255 motion.

**I. FACTUAL AND PROCEDURAL HISTORY**

Initially on April 15, 2009, Latour was charged with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). However, on July 14, 2009, the grand jury returned a superseding indictment, charging Latour with one count" of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) ("count 1"); one count of possessing methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) ("count 2"); and one count of possessing a firearm in connection with a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A) ("count 3"). Prior to the jury trial, the court granted the Government's motion to dismiss count 3. The jury found Latour guilty on counts 1 and 2. On January 26, 2010, the court sentenced Latour to 240 months' imprisonment.

1

Latour appealed his conviction and sentence, and the United States Court of Appeals for the Fourth Circuit affirmed his conviction on November 8, 2010.  United States v. Latour, No. 09-4856, 2010 WL 4465255, at *1 (4th Cir. Nov. 8, 2010) (unpublished).  Latour filed a petition for writ of certiorari with the Supreme Court of the United States, which was denied on March 7, 2011.  Latour v. United States, No. 10-8871, 131 S. Ct. 1622 (U.S. Mar. 7, 2011) (unpublished).  Thereafter, Latour filed this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on February 29, 2012.[1]  Latour amended his § 2255 motion on May 3, 2012.  On June 27, 2012, the court ordered the Government to respond to Latour's § 2255 motion.  On August 15, 2012, the Government moved for summary judgment on Latour's claims.  Latour filed a response in opposition to the Government's motion for summary judgment on September 4, 2012.  This matter is now ripe for consideration.

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Id. at 248.

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. County of Chesterfield, 95 F.3d 1263, 1265 (4th Cir. 1996).

### B. Statute of Limitations

As an initial matter, the Government moves for summary judgment on the basis that Latour's § 2255 motion is time barred. (Gov't Mem. Supp. Mot. Summ. J. 5-6). A movant has one year from "the date on which the judgment of conviction becomes final" to file a § 2255 motion. § 2255(f)(1). The Government alleges that Latour's judgment of conviction became final on November 30, 2010, when the United States Fourth Circuit Court of Appeals issued the mandate affirming this court's judgment. United States v. Latour, No. 09-4856 (4th Cir. Nov. 30, 2010) (unpublished). Thus, the Government argues that Latour had until November 30, 2011, to file the instant motion. (Gov't Mem. Supp. Mot. Summ. J. 5). However, this is incorrect. Latour's conviction became final the day the United States Supreme Court denied his petition for writ of certiorari on March 7, 2011. Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Thus, Latour's instant motion was timely as it was filed on February 29, 2012, within one year

of the Supreme Court's denial of his petition. Therefore, the court denies the Government's motion for summary judgment on this ground.[2]

### C. Latour's Claims

Latour alleges that (1) his trial counsel was constitutionally ineffective, and (2) the Government committed prosecutorial misconduct when the Government introduced Amanda Riddle's ("Riddle") perjured testimony. (Latour Mem. Supp. § 2255 Mot., generally); (Latour Mem. Supp. Am. § 2255 Mot., generally). With respect to the ineffective assistance of counsel claim, Latour specifically alleges that his counsel was ineffective for: (a) conveying erroneous sentencing information; (b) declining to call certain alibi witnesses; and (c) failing to sequester one of the Government's witnesses pursuant to Rule 615 of the Federal Rules of Evidence. (Latour Mem. Supp. § 2255 Mot., generally); (Latour Mem. Supp. Am. § 2255 Mot., generally).

#### 1. Ineffective Assistance of Counsel

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Latour must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Moreover, the court must be highly deferential

---

[2]Even if Latour had not filed a petition for writ of certiorari to the United States Supreme Court, the deadline would not have been November 30, 2011. Instead, Latour would be entitled to one year and ninety (90) days from the Fourth Circuit's affirmation of conviction to file the instant motion, not one year from issuance of the mandate as argued by the Government. Clay v. United States, 537 U.S. 522, 525 (2003); United States v. Sosa, 364 F.3d 507, 509 (4th Cir. 2004).

to counsel's strategic decisions and cannot allow hindsight to influence the assessment of counsel's performance. Id. at 689. With respect to the second prong, Latour must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The court addresses each of Latour's arguments below.

### a. Erroneous Advice of Counsel

Latour alleges that if not for the erroneous advice of his counsel, Benjamin Stepp ("Stepp"), he would have pled guilty to the initial indictment. Latour alleges that Stepp advised him in error that he qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and for this reason he decided to proceed to trial instead of accepting the Government's plea offer on the original indictment.

As part of plea negotiations, the Government offered to allow Latour to plead guilty to being a felon in possession of a firearm and to dismiss the other counts. However, the Government informed Latour that he qualified as an armed career criminal under the ACCA and would be subject to a minimum prison term of fifteen years based on his prior convictions for violent felonies or serious drug offenses. (Gov't Mem. Supp. Summ. J. 1-2). The Government, relying on United States v. Letterlough, was confident that Latour qualified under the ACCA as an armed career criminal. 63 F.3d 332, 335 (4th Cir. 1995) (adopting the test which determines whether convictions occurred on different occasions if they arose out of a separate and distinct criminal episode); (Gov't Mem. Supp. Summ. J. 2). Stepp questioned the Government's position, and after discussing it with Latour, Stepp, with Latour's signed permission, requested that the United States Probation Office ("USPO") examine Latour's criminal history. (Gov't Mem. Supp. Summ. J. 2). Probation Officer Natasha Gilliam ("Gilliam") informed Stepp that

Latour likely qualified as an armed career criminal under the ACCA. (Id. (Stepp Aff. at 3).) The basis of Gilliam's decision was Latour's 2002 conviction for assault with intent to kill, his 2002 conviction for assault and battery of a high and aggravated nature, and his 2007 conviction for assault with intent to kill. (Id. Ex. (Stepp Aff. at 3).) Gilliam believed the 2002 convictions involved conduct that occurred on different occasions, and thus counted as two separate criminal events under the ACCA using the Letterlough analysis. (Id. Ex. (Stepp Aff. at 3).)

Stepp advised Latour of the Government's and the USPO's position. (Id. Ex. (Stepp Aff. at 3).) Stepp also informed Latour that he felt Latour had a legitimate legal challenge to the ACCA penalty, but that any challenge could only occur at the sentencing hearing subsequent to entering a guilty plea. (Gov't Mem. Supp. Summ. J. Ex. (Stepp Aff. at 3).) Stepp informed Latour that if he did not accept the plea, the Government could pursue additional charges in a superseding indictment. (Id. at 2). Latour refused to plead guilty pursuant to any agreement which would result in a prison term greater than ten years. (Id. at 8.) Ultimately, Latour decided to proceed to trial. (Id.)

Subsequently, the Government obtained a superseding indictment adding the charges of possession with intent to distribute methamphetamine and possession of a firearm in connection with a drug trafficking offense.[3] In the Presentence Investigation Report ("PSR") prepared by Probation Officer Robert Woods after Latour's conviction at trial, Latour was classified as a career offender under the United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1 based on his 2002 conviction for assault with intent to kill, his 2002 conviction for battery of a high and

---

[3] The Government elected to dismiss count 3, possession of a firearm in furtherance of a drug trafficking crime, before the trial began.

aggravated nature, and his 2007 conviction for assault with intent to kill, as opposed to being found an armed career criminal. (PSR ¶ 22). Latour's 2002 convictions were not considered separate and distinct criminal episodes. Thus, Latour was not subject to a fifteen-year mandatory minimum under the ACCA. Latour submits that had his attorney properly advised him, he would have pled guilty to being a felon in possession of a firearm and would have received a significantly shorter sentence than he is now serving. (Latour Mem. Supp. § 2255 Mot. 4).

As the record reflects, Stepp could not determine with absolute certainty whether Latour would be considered an armed career criminal until after he pled guilty and the PSR was prepared. "[A] mere inaccurate prediction, standing alone, [does] not constitute ineffective assistance [of counsel] . . . ." Iaea v. Sunn, 800 F.2d 861, 865 (9th Cir. 1985); see also Figueroua v. United States, No. 91CIV.1047(PKL), 1993 WL 88213, at *5-6 (S.D.N.Y. Mar. 24, 1993) (unpublished) (rejecting an ineffective assistance of counsel claim based on allegations that the attorney failed to advise of a possible career offender enhancement and had provided an erroneous prediction as to the length of the sentence, on finding that "a defendant's sentencing range under the Guidelines is not ultimately knowable . . . .") (internal quotation marks omitted); United States v. Reyes, No. CRIM. 98-301-01, 1999 WL 239099, at *4 n.12 (E.D.Pa. Mar. 26, 1999) (unpublished) (rejecting defendant's ineffective assistance of counsel claim because "it is impossible to know, or even predict whether a defendant would be sentenced as a career offender."). Stepp diligently investigated Latour's criminal status and the consequences therefrom. The Government believed Latour was an armed career criminal, and Gilliam agreed. (Gov't Mem. Supp. Summ. J. 2 & Ex. (Stepp Aff. at 3).) Based on the foregoing, Stepp's

advice to Latour to plead guilty was objectively reasonable in light of the information that he had at the time. Moreover, Stepp advised Latour that the Government could seek a superseding indictment if Latour decided not to plead guilty. Therefore, Latour's claim of ineffective assistance of counsel for Stepp allegedly conveying erroneous sentencing information is denied.

### b. Failure to Call Certain Alibi Witnesses

Latour alleges that Stepp's failure to call certain alibi witnesses negatively affected his defense. However, the decision of "which witnesses to call is a classic tactical decision left to counsel . . . and it remains a decision for counsel even when the client disagrees." United States v. Chapman, 593 F.3d 365, 369 (4th Cir. 2010); see also Boyle v. McKune, 544 F.3d 1132, 1139 (10th Cir. 2008) ("[T]he decision of which witnesses to call is quintessentially a matter of strategy for the trial attorney."). As the Supreme Court noted, "[t]here are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." Strickland, 466 U.S. at 689. Stepp's decision to call certain alibi witnesses (who testified that Latour stayed at his mother's house the weekend before his arrest, and not Riddle's house), as opposed to others, "primarily involve[d] trial strategy and tactics," and thus was made for a legitimate strategic purpose, and could be made without Latour's consent. United States v. Teague, 953 F.2d 1525, 1531 (11th Cir. 1992). The fact that the jury ultimately was not persuaded by this strategy does not suggest that counsel was ineffective.

Stepp called three alibi witnesses he believed were reliable and coherent. (Gov't Mem. Supp. Summ. J. Ex. (Stepp Aff. at 4-5).) In addition, Latour has failed to identify any additional impeachment evidence which could have been elicited from the nontestifying alibi witnesses

8

that would have assisted in his defense. Based on the foregoing, Stepp's decision not to call certain alibi witnesses was not objectively unreasonable. Further, Latour has failed to show how he has been prejudiced as a result. Therefore, Latour's claim of ineffective assistance of counsel for Stepp's failure to call certain alibi witnesses is denied.

### c. Failure to Sequester Witnesses Under Rule 615 of the Federal Rules of Evidence

Latour also alleges that his counsel's performance was ineffective because counsel did not move to sequester the Government's witness, Riddle. (Latour Mem. Supp. Am. § 2255 Mot. 2). The decision to sequester witnesses involves trial strategy. Fernandez v. United States, 553 F. Supp. 260, 266 (D.C.N.Y. 1982). As stated above, trial counsel is afforded great latitude when it comes to strategy decisions. Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998). In his affidavit, Stepp states that it "strategically benefitted [their] case for [the defense] witnesses to . . . observe the entire trial, especially the testimony of government witness Amanda Riddle. [Had Stepp] invoked Rule 615 for witness sequestration, not only would Amanda Riddle have been excluded, but [defense's] witnesses would have been excluded as well." (Gov't Mem. Supp. Summ. J. Ex. (Stepp Aff. at 5).)

Latour has failed to show that Riddle's presence during defense witnesses' testimony was an objectively unreasonable decision by Stepp, or that his defense was prejudiced as a result. Stepp's decisions made with a legitimate strategic purpose can be made without Latour's consent. Chapman, 593 F.3d at 369. Therefore, Latour's claim of ineffective assistance of counsel for Stepp's failure to sequester the Government's witness is denied. Based on the foregoing, the court grants the Government's motion for summary judgment on Latour's ineffective assistance of counsel claim.

9

## 2. Prosecutorial Misconduct Claim

In his prosecutorial misconduct claim, Latour alleges that the Government knowingly permitted Riddle to present perjured testimony to mislead the jury. (Latour Mem. Supp. § 2255 Mot. 10). As an initial matter, Latour's prosecutorial misconduct claim is subject to procedural default because he failed to raise this claim on direct appeal. See United States v. Robinson, No. 2:07CR00014, 2012 WL 2526985, at *3 (4th Cir. June 29, 2012) (unpublished). Thus, Latour may raise his claim "in a federal habeas proceeding only if [he] can show both cause for and actual prejudice from the default, or that he is actually innocent." United States v. Harris, 183 F.3d 313, 317 (4th Cir. 1999) (internal citations omitted). Latour cannot show cause or prejudice because his claim is without merit.

In order to prevail on this claim, Latour must prove that: "(1) the testimony was false; (2) the Government knew the testimony was false; and (3) there is a reasonable probability that the false testimony could have affected the verdict." United States v. Roane, 378 F.3d 382, 400 (2004) (internal quotation marks and citations omitted). Latour has made no such showings, and therefore, his claim must be rejected. Latour claims the Government knowingly introduced Riddle's perjured testimony to mislead the jury. (Latour Mem. Supp. § 2255 Mot. 10). Latour, however, does not substantiate these claims with any evidence. Latour fails to demonstrate that the Government knew of this falsity or that there is a reasonable probability that the allegedly false testimony could have affected the verdict. Latour merely makes the conclusory allegation that "without Riddle[']s false testimony, the jury could not have convicted [him]." (Latour Mem. Supp. § 2255 Mot. 12.) However, "conclusory allegations that the Government should have known that a statement was false, without more, do not warrant an evidentiary hearing or

offer escape from summary judgment." Roane, 378 F.3d at 401. Latour further alleges in conclusory fashion without any evidentiary support that he is actually innocent. (Latour Mem. Supp. § 2255 Mot. 10.) Based on the foregoing, Latour has failed to show cause and prejudice for his default of this claim or that he is actually innocent. Further, Latour's conclusory allegations fail to raise a genuine issue of material fact. Therefore, the Government is entitled to summary judgment on this claim.

It is therefore

**ORDERED** that the Government's motion for summary judgment, docket number 103, is granted. It is further

**ORDERED** that Latour's § 2255 motion, docket number 89, is dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Latour has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.


s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
September 27, 2012


### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.