IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Cr. No.   8:09-419-HMH |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| David Jeremy Latour, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Defendant David Jeremy Latour's ("Latour") second pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  On July 14, 2009, the grand jury returned a superseding indictment, charging Latour with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) ("count 1"); one count of possessing methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) ("count 2"); and one count of possessing a firearm in connection with a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A) ("count 3").   Prior to a jury trial, the court granted the Government's motion to dismiss count 3.   On September 9, 2009, after a jury trial, Latour was found guilty on counts 1 and 2.   On January 19, 2010, the court sentenced Latour to 240 months' imprisonment.   Latour appealed his conviction and sentence, and the United States Court of Appeals for the Fourth Circuit affirmed his conviction on November 8, 2010.  United States v. Latour, No. 09-4856, 2010 WL 4465255, at *1 (4th Cir. Nov. 8, 2010) (unpublished).   Latour filed a petition for writ of certiorari with the Supreme Court of the United States, which was denied on March 7, 2011.   Latour v. United States, No. 10-8871, 131 S. Ct. 1622 (U.S. Mar. 7, 2011) (unpublished).   On September 8, 2020, Latour filed a first motion for compassionate release, which was denied on October 6, 2020.   (First Mot. Compassionate

1

Release, ECF No. 137.); (Oct. 6, 2020 Order, ECF No. 149.)  On December 10, 2024, Latour filed the instant motion for compassionate release.  (Mot. Compassionate Release, ECF No. 155.)  After being ordered to respond, the Government filed a response in opposition on January 8, 2025.  (Gov't Resp. Opp'n, ECF No. 157.)  Latour filed a reply on January 27, 2025.  (Reply, ECF No. 158.)  This matter is ripe for consideration.

## II. LEGAL FRAMEWORK

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  The compassionate-release statute, however, authorizes a court to reduce a defendant's sentence if, after considering the 18 U.S.C. § 3553(a) factors, it finds that (1) "extraordinary and compelling reasons" warrant a reduction and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Id. § 3582(c)(1)(A).

The "applicable policy statement[]" reiterates the statutory requirements, with the additional requirement that the defendant not be "a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(a)(2); see also U.S.S.G. Supp. to App. C, Amend. 814, Reason for Amendment (effective Nov. 1, 2023) ("extend[ing] the applicability of the policy statement to defendant-filed motions").  The policy statement then enumerates six categories of "extraordinary and compelling reasons" that may justify compassionate release: (1) the defendant's medical circumstances, (2) the defendant's advanced age, (3) the defendant's family circumstances, (4) the defendant's status as a "victim of abuse," (5) any other reasons that are "similar in gravity" to the first four categories, and (6) certain changes in law if the defendant has served ten years of an "unusually long sentence" and the "change would produce a gross

2

disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(1)-(6). Under the policy statement, a defendant's rehabilitation "is not, by itself, an extraordinary and compelling reason" but "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." Id. § 1B1.13(d).

At the final step of the compassionate-release analysis, the court considers the § 3553(a) sentencing factors "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). These factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need for the sentence to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment," deter crime, protect the public from the defendant's future criminal conduct, and provide the defendant with needed "correctional treatment"; (3) "the kinds of sentences available"; (4) the Guidelines sentencing range; (5) certain policy statements issued by the Sentencing Commission; (6) "the need to avoid unwanted sentence disparities among" similarly situated defendants; and (7) the need for victim restitution. 18 U.S.C. § 3553(a).

### III. DISCUSSION

**A. No Extraordinary and Compelling Reasons Warrant a Sentence Reduction.**

Latour argues that § 1B1.13(b)(6) supports a finding of extraordinary and compelling reasons. Section 1B1.13(b)(6) provides that "a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive)" may constitute "an extraordinary and compelling reason" for a reduction if (1) the defendant received "an unusually long sentence," (2) the defendant has served "at least 10 years of the term of imprisonment," and (3) the change

3

in law "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6).

Latour argues that if he were sentenced today, he would not qualify as a career offender under the United States Sentencing Guidelines § 4B1.1. Latour was sentenced as a career offender because count 2 was a controlled substance offense and he had two prior convictions for assault with intent to kill. (PSR ¶¶ 13, 18.) There has been no amendment to the career offender guideline since the defendant was sentenced. If the defendant were sentenced today after a jury trial on the counts of conviction, he would have the same advisory guidelines range of 210-262 months' imprisonment. Also, the same statutory penalties would apply.

Latour cites Erlinger v. United States, 144 S. Ct. 1840 (2024), in support of his position. However, Erlinger has no impact on Latour's status as a career offender under the Guidelines. In Erlinger, the Supreme Court held that when a defendant faces an enhanced statutory penalty range under the Armed Career Criminal Act due to three previous convictions for a violent felony or a serious drug offense, a unanimous jury must find beyond a reasonable doubt that the prior offenses were committed on separate occasions. Id. at 1846. In contrast, Erlinger did not state that a jury must make a factual finding beyond a reasonable doubt about whether the defendant's past offenses were committed on different occasions in the context of applying a career offender enhancement under the United States Sentencing Guidelines. With respect to the career offender enhancement, "no jury finding is required because this sentencing enhancement does not alter the defendant's statutory penalty range." United States v. Ratliff, No. 24-10752, 2024 WL 4371658, at *4 n.4 (11th Cir. Oct. 2, 2024) (unpublished); U.S.S.G. § 4B1.1.

4

Accordingly, because Latour has not identified a change in law that creates a gross disparity between his sentence and the one that he would likely receive today, he has failed to show extraordinary and compelling reasons for a sentence reduction under § 1B1.13(b)(6).

Finally, while the court notes that Latour has undertaken numerous educational classes and maintained employment during his incarceration, a defendant's rehabilitation "is not, by itself, an extraordinary and compelling reason for" a sentence modification.  U.S.S.G. § 1B1.13(d); 28 U.S.C. § 994(t); see, e.g., United States v. McCain, No. 1:06CR203-1, 2023 WL 7385546, at *8 (M.D.N.C. Nov. 8, 2023) (unpublished); United States v. Feliz, No. 16 Cr. 809 (VM), 2023 WL 8275897, at *6 (S.D.N.Y. Nov. 30, 2023) (unpublished); United States v. Lewis, No. 04-344, 2024 WL 640023, at *3-4 (E.D. La. Feb. 15, 2024) (unpublished); United States v. Ross, No. 3:18-cr-00626-AN, 2023 WL 8868814, at *5 (D. Ore. Dec. 22, 2023) (unpublished).

For the reasons discussed above, Latour has failed to show extraordinary and compelling reasons for a reduction in his sentence under § 1B1.13.

### B. The § 3553(a) Factors Do Not Warrant a Sentence Reduction.

Even if Latour could show extraordinary and compelling reasons, the court has considered the factors under § 3553(a) and finds that the nature and circumstances of Latour's offense, his history and characteristics, and the need for his sentence to protect the public do not support a reduction in this case.  As the court outlined in its previous October 6, 2020 order denying Latour's motion for compassionate release,

> On September 9, 2009, the Defendant was found guilty after a jury trial of being a felon in possession of a firearm and of possession with intent to distribute methamphetamine. The Defendant was found in possession of the drugs and firearms when state probation agents discovered the contraband during a routine home visit with the Defendant, who was on state probation at the time. (PSR ¶ 6.) On January 19, 2010, the Defendant was sentenced to 240 months' imprisonment.

5

> Further, the Defendant has a significant and very serious prior criminal history which reflects that the Defendant is extremely dangerous. The Defendant was sentenced as a career offender based on two prior convictions of assault with intent to kill. With respect to his first conviction for assault with intent to kill, the Defendant "attempted to smother [the victim] with a pillow, threaten[ed] to kill her, slap[ped] her, knocked her to the ground and repeatedly swung a hammer about her head" and attempted to run another person over with his vehicle. (PSR ¶ 13.) With respect to the Defendant's second assault with intent to kill conviction, the Defendant twice discharged his firearm from the back of a vehicle at a person. (Id. ¶ 18.) In addition, the Defendant has three domestic violence convictions in which he physically assaulted a victim, including one conviction where the Defendant pointed a firearm at the victim. (Id. at ¶¶ 14-17.) The Defendant was on probation for his second assault with intent to kill conviction when he committed the instant offenses in this case. Based on the foregoing, the Defendant is an extremely dangerous individual from whom the public must be protected.

(Oct. 6, 2020, Order, ECF No. 149.) Notably, Latour does not express any remorse for his criminal activity in this case. The court recognizes that Latour's disciplinary infractions during his incarceration are relatively minor. However, the court notes that Latour has been sanctioned for possessing a cell phone on multiple occasions, possessing stolen goods, and refusing work assignments on three occasions. (Gov't Resp. Ex. 2 (Disciplinary Report), ECF No. 157.) Further, the court commends Latour on his continued self-improvement efforts through educational courses and continued employment during his incarceration. (Reply 12-13, ECF No. 158.) However, based on the foregoing, and having fully considered the § 3553(a) factors, Latour's 240-month sentence is more than appropriate in light of his history and characteristics and the seriousness of his conduct as set forth above. A 240-month sentence promotes respect for the law, deters crime, protects the public, and is "sufficient, but not greater than necessary," to achieve the statutory goals of sentencing. 18 U.S.C. § 3553(a).[1]

---

[1] Given the court's resolution of Latour's motion, the court declines to address the Government's argument that the Sentencing Commission exceeded its congressionally delegated authority in promulgating U.S.S.G. § 1B1.13(b)(6). (Gov't Resp. 11-24, ECF No. 157.)

It is therefore

**ORDERED** that Latour's motion for compassionate release, docket number 155, is denied.

**IT IS SO ORDERED**.

                                              s/Henry M. Herlong, Jr.
                                              Senior United States District Judge

Greenville, South Carolina
February 7, 2025

## NOTICE OF RIGHT TO APPEAL

Movant is hereby notified that he has the right to appeal this order within fourteen (14) days from the date hereof, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.